UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AARON JEROME WILLIAMS | ) | |
| | ) | |
| v. | ) | No. 3:08-0387 |
| | ) | |
| REUBEN HODGE, et al. | ) | |

To: Honorable Robert L. Echols, District Judge

### REPORT AND RECOMMENDATION

By Order entered April 22, 2008 (Docket Entry No. 3), this action was referred to the Magistrate Judge for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Motion (Docket Entry No. 10) to Dismiss of Defendants Reuben Hodge and Flora Holland, to which Plaintiff has filed a response (Docket Entry No. 23) in opposition. For the reasons set out below, the Court recommends that the motion be GRANTED.

### I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Center ("SCCC"). He filed this action on February 25, 2008, seeking compensatory and punitive damages, as well as declaratory relief, based on

allegations that his medical needs were not adequately treated.  He brings a claim under 42 U.S.C. § 1983 and a claim under the Tennessee Constitution.  Named as defendants to the complaint are: Reuben Hodge, the TDOC Assistant Commissioner; Flora Holland, Warden at the Charles Bass Correctional Complex ("CBCC"); Donald Webb ("Webb"), a physician at the CBCC, and the CBCC Medical Staff.

Plaintiff asserts that he suffers from seizures and mental health disorders and takes medication on a daily basis to treat these problems.  He alleges that he was transferred from the SCCC to the CBCC on September 5, 2007, and informed the nurse who conducted a medical interview at the CBCC that he was required to take several medications each day.  He alleges that he did not receive the medication he takes to control seizures and that, on September 8, 2007, he suffered a "very bad" seizure.  See Complaint (Docket Entry No. 1), at 3-4.

Defendants Webb and the CBCC Medical Staff filed a joint answer to the complaint.  See Docket Entry No. 12.  In lieu of an answer, Defendants Hodge and Holland filed the pending motion to dismiss.

## II. MOTION TO DISMISS

Defendants Hodge and Holland argue that they should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to state a claim against them upon which relief can be granted.  They contend that Plaintiff does not allege any facts in his complaint showing that they were personally involved in his medical care at the CBCC or that they acted in any manner which would support a constitutional claim against them.

2

In response, Plaintiff asserts that TDOC has policies which require that medication accompany inmates who are being transferred between institutions and that both Defendants are aware of these policies. He also asserts that, when he was confined at the SCCC a month prior to the incident at issue, he had filed a grievance because he was experiencing problems receiving his afternoon medications. He contends that both Defendants failed to ensure that appropriate medical care was provided to inmates at the CBCC and they ignored deficiencies that existed in the system of providing medical care to inmates at the CBCC. See Plaintiff's Response (Docket Entry No. 23).

## III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987).

While a complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. _, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

## IV. CONCLUSIONS

The motion to dismiss should be granted and Defendants Hodge and Holland should be dismissed from the action.

Defendant Hodge is a TDOC administrator. There are no allegations in the complaint that he has any involvement in the provision of health care to inmates at the CBCC, let alone that he had any personal involvement in Plaintiff's health care. Similarly, Defendant Holland is the Warden at the CBCC, and the complaint fails to include allegations that she had any personal involvement in the provision of medical care to him during the three day time period at issue. Indeed, in his response, Plaintiff appears to acknowledge that neither Defendant had any personal involvement in his medical care at the CBCC, and his arguments against dismissal are based upon what he considers to be Defendants' improper oversight of the medical care provided to inmates at the CBCC not upon any actual personal involvement they had in his medical care. See Response (Docket Entry No. 23), at 1 and 4-5.

It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). Plaintiff must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).

4

There are simply no factual allegations in the complaint regarding Defendants Hodge or Holland which satisfy this standard.

Defendants' positions as Assistant TDOC Commissioner and CBCC Warden, respectively, cannot form the basis for a claim of individual liability against them. Because constitutional liability requires a showing of the personal involvement of the defendant in the alleged unconstitutional activity, a defendant cannot be found liable under the theory of respondeat superior or merely because he or she is in a supervisory position. Shehee, 199 F.3d at 300; Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982). To be held liable, a supervisor must have encouraged the specific incident of misconduct or in some other way directly participated in it. Shehee, 199 F.3d at 300.

Further, an actionable Eighth Amendment claim contains a subjective component that demands a showing that the defendant acted with a sufficiently culpable state of mind, i.e., deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Thus, it is well settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).

There are no allegations in the complaint supporting a claim against Defendants Hodge or Holland based on supervisory action or inaction which rose to the level of being unconstitutional. Nor does Plaintiff's response in opposition provide any factual basis which supports a viable constitutional claim against them.

The claims against Defendants in their official capacities also warrant dismissal. The Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in

5

their official capacities for monetary damages on civil rights claims, Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998), and neither a State nor its officials acting in their official capacities are "persons" under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992).

To the extent that Plaintiff asserts a claim under Article I, § 17 of the Tennessee Constitution, this state constitutional provision does not create a substantive cause of action regarding the adequacy of his prison health care.

Although Defendants Webb and the CBCC "medical staff" did not join in the motion to dismiss, review of the complaint indicates that the complaint contains no allegations which support a claim against them. 28 U.S.C. § 1915(e)(2)(B) permits the Court to dismiss a case at any time if the Court determines that the plaintiff fails to state a claim upon which relief can be granted.

There are no allegations in the complaint that Defendant Webb was personally involved in the incident at issue or that he had any role in the alleged failure to provide Plaintiff with his seizure medication for a period of three days. In fact, there are no factual allegations made against Defendant Webb anywhere in the body of the complaint other than his being named as a defendant. Dismissal of Defendant Webb is warranted for the same reasons as apply to Defendants Hodge and Holland.

To the extent that Plaintiff names the CBCC "medical staff" as a defendant in this action, such a claim should be dismissed. The "medical staff" is a collective entity, not a person, and cannot be sued under Section 1983.

6

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the Motion (Docket Entry No. 10) to Dismiss of Defendants Reuben Hodge and Flora Holland be GRANTED and that the action and claims against all defendants be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        JULIET GRIFFIN
        United States Magistrate Judge

7