UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| AARON JEROME WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:08-0387 |
| | ) | Judge Echols |
| REUBEN HODGE, et al., | ) | |
| Defendants. | ) | |

## ORDER

This is a pro se prisoner civil rights action brought under 42 U.S.C. § 1983 and the Tennessee Constitution. Plaintiff, an inmate in the custody of the Tennessee Department of Corrections ("TDOC"), claims that his medical needs were not adequately treated while he was incarcerated at the Charles Bass Correctional Complex ("CBCC"). Specifically, Plaintiff alleges he was deprived of seizure medication for a period of three days and, as a consequence, he suffered a seizure. Named as Defendants are Reuben Hodge ("Hodge"), the TDOC Assistant Commissioner, Flora Holland ("Holland"), the CBCC Warden, Donald Webb, a physician at the CBCC, and the CBCC Medical Staff.

After the Complaint was filed, Defendants Hodge and Holland filed a Motion to Dismiss (Docket Entry No. 10), and the remaining Defendants filed an Answer (Docket Entry No. 12). The Magistrate Judge issued a Report and Recommendation ("R & R") (Docket Entry No. 27) on October 2, 2008, in which she recommends dismissal of the action against Defendants Hodge and Holland under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff "does not allege any facts in his complaint showing that they were personally involved in his medical care at

1

the CBCC or that they acted in any manner which would support a constitutional claim against them." (Id. at 2). Further, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge recommends dismissal of the case against Defendant Webb because "[t]here are no allegations in the Complaint that he was personally involved in the incident at issue or that he had any role in the alleged failure to provide Plaintiff with his seizure medication for a period of three days." (Id. at 6). Finally, the Magistrate Judge recommends dismissal of all claims against the CBCC "Medical Staff" because it is not a suable entity. (Id. at 6).

Plaintiff was specifically informed in the R & R that any objections to the R & R needed to be filed within ten days after receipt of the R & R. (Id. at 7). However, that time has passed and Plaintiff has filed no objections to the R & R.

Where no timely objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). Having reviewed the R & R and the file in this case, the Court finds that the Magistrate Judge was correct in determining that Plaintiff's Complaint should be dismissed as to all Defendants.

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 27) is hereby ACCEPTED and APPROVED;

(2) The Motion to Dismiss (Docket Entry No. 10) filed by Defendant Hodge and Defendant Holland is hereby GRANTED; and

(3) The Complaint against Defendant Webb and Defendant CBCC "Medical Staff" is hereby DISMISSED because, as explained above, there are no allegations of personal wrongdoing against Webb and the "Medical Staff" is not a legal entity.

2

Case 3:08-cv-00387   Document 30   Filed 01/07/09   Page 2 of 3 PageID #: 98

Accordingly, for the reasons stated, the Complaint in this action is hereby DISMISSED WITH PREJUDICE. The Court hereby CERTIFIES under 28 U.S.C. § 1915(a)(3) that any <u>in forma pauperis</u> appeal from this Order which dismisses Plaintiff's Complaint would not be taken in good faith.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE